IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN WALSBERG,

    Plaintiff,

v.                                        CASE NO. 5:11-cv-6-RS-GRJ

FLORIDA DEPT. OF CORRECTIONS,
and B. HENNING,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Appalachee Correctional Institution-East Unit ("ACI"), initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff later filed an Amended Complaint. (Doc. 6.) Plaintiff has also filed an Amended Motion To Proceed *In Forma Pauperis.* (Doc. 7.) For the reasons discussed below, it is **RECOMMENDED** that: (1) this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for Plaintiff's failure to exhaust his administrative remedies and (2) Plaintiff's Amended Motion To Proceed *In Forma Pauperis* (Doc. 7) should be **DENIED.**

### I. Introduction and Background

Plaintiff brings a claim for damages for deliberate indifference under the Eighth Amendment alleging that Defendant B. Henning, a nurse at ACI, was deliberately indifferent to Plaintiff in her medical treatment of a chemical burn on Plaintiff's right forearm. Also, while Plaintiff includes the Florida Department of Corrections ("FDOC") as a Defendant in the case style of his Amended Complaint, he does not list the FDOC

as a defendant in section II of the Complaint form and does not include any allegations in the Amended Complaint alleging a basis for liability against the FDOC.

The relevant facts, as alleged in the Amended Complaint, (Doc. 6) reveal the following details. In early January 2010 while cleaning the ovens in the ACI bakery with RTU (an oven and grill cleaner) some of the oven cleaner dripped onto Plaintiff's right forearm, causing a chemical burn. Plaintiff reported to the ACI medical department after suffering the burn. At the ACI medical department "Nurse Cowherd" applied Silvadene burn cream and Bactroban antibiotic ointment to Plaintiff's right forearm. Plaintiff returned to the ACI medical department for treatment of the burn each day for the next week and a half. On each visit either Nurse Cowherd or Nurse Halloway administered Silvadene and Bactroban to Plaintiff's right forearm.

Approximately a week and a half after he suffered the chemical burn, Plaintiff again reported to the ACI medical department. On this visit Plaintiff was treated by Defendant B. Henning, a nurse at ACI, instead of Nurses Cowherd and Halloway who had the day off. According to Plaintiff, Nurse Henning used peroxide to clean Plaintiff's burn and then dry-wrapped his wound rather than applying Silvadene and Bactroban. Plaintiff reported to the medical department again the following day and Defendant Henning repeated the same course of treatment – cleaning Plaintiff's burn with peroxide and then dry-wrapping it.

Plaintiff alleges that he again returned to the ACI medical department for treatment of his chemical burn after it started to turn black.[1] During this visit another

---

[1] The Amended Complaint does not contain any detail regarding how long it took for the burn to blacken and become infected.

*Case No: 5:11-cv-6-RS-GRJ*

nurse scrubbed the wound with a hard scrub brush, alcohol and Betadine. The Amended Complaint does not contain any further details regarding subsequent visits to the ACI medical department or any further developments in the healing process of Plaintiff's burn after this visit.

Plaintiff alleges that his wound became infected, turned black and permanently scarred because of Nurse Henning's treatment during the two days she treated Plaintiff. Plaintiff contends that as a result of "Nurse B. Henning's improper care and inadequate medical treatment" he has "a very noticeable and permanent scar on [his] right forearm causing a physical disfigurement needing cosmetic surgery." (Doc. 6 pp. 6-7.)

Plaintiff's claim is due to be dismissed for failure to state a claim upon which relief can be granted and for failure to exhaust his administrative remedies. Plaintiff's Complaint reflects at best that the course of medical treatment Nurse Henning provided to him was negligent or not appropriate. Even assuming the treatment was not the desired treatment it falls woefully short of rising to the level of a claim for deliberate indifference to a serious medical need claim under the Eighth Amendment. Further, even if Plaintiff did state a claim for deliberate indifference the claims is due to be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may

be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

### III. **Discussion**

Plaintiff's Amended Complaint is due to be dismissed for two reasons. First, Plaintiff has failed to state a claim for deliberate indifference to a serious medical issue. Second, Plaintiff failed to exhaust his administrative remedies with respect to his deliberate indifference claim against the Defendants.

### A.     **Deliberate Indifference to a Serious Medical Need**

Plaintiff's Amended Complaint fails to state a claim for deliberate indifference to a serious medical need. Plaintiff has not alleged sufficiently that the scarring, infection and blackening of his chemical burn was a serious medical need or that Nurse Henning deliberately failed to treat this chemical burn. Instead, Plaintiff alleges that Nurse Henning simply provided a course of treatment different from the other nurses who had treated Plaintiff's burn.

To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that

characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, where, as here, an inmate receives medical treatment and care but the inmate alleges that he should have received different treatment or care the conduct does not constitute deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'")(quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

Read broadly, Plaintiff's claim is that if Nurse Henning had used Salvadene and

Bactroban, as the other nurses used in the previous treatment, his forearm would not have become infected or scarred. This allegation ignores the obvious fact that infection and scarring may have been a normal part of the healing process which would have occurred even if Nurse Henning had adminstered Salvadene and Bactroban like Plaintiff wanted. Where the basis of the claim is nothing more than a claim that other treatment or care should have been provided courts have dismissed claims for deliberate indifference because such allegations fail to state a claim for relief. *See, e.g., Hudgens v. Durrence*, No. CV207-110, 2009 WL 890546, at *4-7 (S.D. Ga. Mar. 31, 2009)(Plaintiff, who spilled Drano on his hand and was immediately transported to prison medical department for treatment, did not state a claim for deliberate indifference); *Goodley v. Superintendent of SCI Green*, No. 08-1290, 2009 WL 2855702, at *3-5 (W.D. Pa. Sept. 2, 2009)("Plaintiff's disagreement here is with the doctors' unwillingness to send Plaintiff to a specialist of his choice outside the prison and their failure to administer an antibiotic as a precautionary measure. As discussed, a prisoner's disagreement with prison doctors over the exercise of medical judgment simply does not state a claim for relief under Section 1983.").

In addition to Plaintiff's failure to allege conduct which would constitute deliberate indifference, Plaintiff has failed to allege any facts suggesting that he actually had an objectively serious medical need. While Plaintiff suffered a chemical burn from an oven cleaner there is no suggestion in the Amended Complaint that Plaintiff's burn was sufficiently serious to be considered a serious medical need. Indeed, where scarring from a burn forms the basis of an inmate's claim for deliberate indifference

most courts that have addressed the issue have concluded that a burn does not constitute a serious medical need. *Rios v. Santa Clara County Dept. Of Corrections*, No. C02-1815MMC (PR), 2002 WL 1285045, at *1-2 (N.D. Cal. June 5, 2002)(second-degree burn from gravy spilled on prisoner's hand was not a serious medical need); *Wade v. Colaner*, No. 06-cv-3715 (FLW), 2009 WL 776985, at *10-12 (D.N.J. Mar. 20, 2009)(pepper spray chemical burns that eventually caused scarring on plaintiff's neck were not a serious medical need).

The decision as to the type of medical treatment provided to a prisoner is a "classic example of a matter for medical judgment," that does not provide a basis for Eighth Amendment liability. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976)("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."). Accordingly, because Plaintiff has failed to demonstrate any conduct by Nurse Henning, which could rise to the level of deliberate indifference, and because Plaintiff has not alleged a serious medical need, Plaintiff's complaint for deliberate indifference under the Eighth Amendment is due to be dismissed.

### B. Administrative Exhaustion

Independent of the fact that Plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment, Plaintiff's Amended Complaint also should be dismissed because Plaintiff failed to exhaust his administrative remedies. Plaintiff admitted in his initial Complaint that he had not exhausted his administrative remedies with respect to his claim against the Defendants. (Doc. 1 p. 3.) According to Plaintiff, doing so would not have solved his issue because the damage to his right arm had

already occurred.  Regardless of whether exhaustion of available administrative remedies would be futile, the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust the administrative grievance process before bringing an action in federal court.  Plaintiff's failure to do so warrants the dismissal of this cause.

Plaintiff filed his Amended Complaint on the current version of the Court's civil rights complaint form for prisoners, which does not require the prisoner to identify whether grievances were filed with prison officials with respect to the prisoner's claim(s).  (Doc. 6 p. 3.)  Plaintiff, however, used an older version of the Court's form in filing his original Complaint, which required Plaintiff to identify whether he had submitted (i) an informal grievance, (ii) a formal grievance and (iii) an appeal to the Office of the Secretary of the Florida Department of Corrections in connection with his claims.  (Doc. 1 p. 3.)  Plaintiff answered each question "No" and affirmatively stated that he did not file a grievance with the FDOC because a "[g]rievance wouldn't solve my issue" because the "[d]amage was already done to my arm."  (Doc. 1 p. 3.)

The Prison Litigation Reform Act provides in relevant part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).  The PLRA requires proper exhaustion of administrative remedies, a requirement that is mandatory even if the prisoner considers the filing of an administrative grievance to be futile.  Woodford v. Ngo, 548 U.S. 81, 83 (2006); Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  A federal district court possesses no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has

not been exhausted prior to filing. Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Even, as here, where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956 (2001).

Accordingly, Plaintiff was required by the PLRA to submit an informal grievance, formal grievance and then an appeal to the Office of the Secretary of the FDOC in order to properly exhaust his administrative remedies with respect to his deliberate indifference claim. This is required regardless of whether Plaintiff believes that doing so would be futile and would not solve his issue. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Because Plaintiff has failed to do so this cause should be dismissed for failing to exhaust administrative remedies as required under the PLRA.

## IV.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Amended Complaint, Doc. 6, should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for failing to exhaust

available administrative remedies.  It is also respectfully **RECOMMENDED** that

Plaintiff's Amended Motion To Proceed *In Forma Pauperis* (Doc. 7) should be **DENIED**.

**IN CHAMBERS** this 10th day of May 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.